

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) VICKESH PATEL,<br><br>Plaintiff,<br><br>vs.<br><br>(1) BLUE CROSS BLUE SHIELD OF OKLAHOMA, A DIVISION OF HEALTH CARE SERVICE CORPORATION, A MUTUAL LEGAL RESERVE COMPANY, IN INDEPENDENT LICENSEE OF THE BLUE CROSS AND BLUE SHIELD ASSOCIATION<br><br>Defendant. | **FILED**<br>SEP 18 2014<br>Phil Lombardi, Clerk<br>U.S. DISTRICT COURT<br><br>14 CV - 553 JED - FHM<br>Case No.<br>State Court No. CJ-2014-02823 |

## NOTICE OF REMOVAL

Defendant Blue Cross Blue Shield of Oklahoma ("BCBS-OK"), a Division of Health Care Service Corporation, an Illinois Mutual Legal Reserve Company ("HCSC"), removes this action to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446. This action is removable because there is complete diversity of citizenship between Plaintiff, Vickesh Patel ("Plaintiff"), and HCSC, and because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00, as shown on the face of the Petition. In support of this Notice of Removal, HCSC states as follows:

{1286882;}

## Procedural History

1. On July 24, 2014, Plaintiff filed a Petition (the "Petition") against HCSC commencing the civil action styled *Vickesh Patel v. Blue Cross Blue Shield of Oklahoma*, Case No. CJ-2014-02823, District Court of Tulsa County, State of Oklahoma (the "State Court Action").

2. The Return of Service filed in the State Court Action shows that service was effected by serving the Oklahoma Insurance Commissioner by Certified Mail on August 29, 2014. HCSC has thus filed this notice of removal within the 30-day period provided by 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(a) and Local Rule LCvR 81.2, HCSC has attached as exhibits to this Notice of Removal true and legible copies of filed or served in the State Court Action. A copy of the Docket Sheet from the State Court Action is attached as Exhibit "1." A copy of the Petition is attached as Exhibit "2." A copy of the Proof of Service is attached as Exhibit "3." HCSC will also file a Status Report on Removed Action in compliance with the Local Rule.

4. As of the time of filing this Notice of Removal, there have been no other filings or proceedings in the State Court except those attached as Exhibits 2-3.

## Amount in Controversy

5. As shown on the face of the Petition, the amount in controversy exceeds $75,000 (exclusive of interest and costs). *See* Ex. 2 at ¶ 19 (alleging that, "As a result of Defendant's breach of contract and breach of the covenant of good faith and fair dealing, Plaintiff has suffered damages, including the loss of the insurance policy benefits, mental

{1286882;}

and emotional distress, embarrassment, anxiety, medical expenses and financial hardship, all of which are in excess of seventy five thousand dollars ($75,000.00).").

## Diversity of Citizenship

6. Defendant Blue Cross Blue Shield of Oklahoma, a Division of Health Care Service Corporation, is and was at the time of the filing of Plaintiff's Petition a citizen of Illinois. HCSC is a mutual legal reserve company that is incorporated under the laws of Illinois with its principal place of business in Chicago, Illinois. BCBS-OK is an unincorporated division of HCSC. "[F]or diversity purposes, [an] unincorporated division's citizenship is [the] same as corporation of which it is a part . . . ." *Equifax Services, Inc. v. Hitz,* 905 F.2d 1355, 1358 n.2 (10th Cir. 1990) (citing *Brunswick Corp. v. Jones,* 784 F.2d 271, 275 n. 3 (7th Cir.1986)). *See also Wisconsin Knife Works v. Nat'l Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986) (finding that "the state of which . . . [a division] is a citizen for purposes of determining diversity is the state of which the corporation that owns the division is a citizen").

7. Plaintiff is a citizen and resident of the State of Oklahoma, as stated on the face of the Petition. (Ex. 2 at ¶ "1.")

8. Therefore, there is complete diversity of citizenship between Plaintiff and Defendant in accordance with 28 U.S.C. § 1332.

## Conclusion

9. This is a civil action over which this Court has original subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1332. Furthermore, this action is one which may be removed to this Court by Defendant pursuant to the provisions of 28

{1286882;}

U.S.C. § 1441 in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

10. Venue is appropriate in this Court as this Court is in the district in which the underlying state court action was pending. 28 U.S.C. § 1441.

11. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide Plaintiff with written notice of removal of this action and will file a copy of this Notice of Removal with the Clerk of the Tulsa County District Court.

12. Therefore, under the applicable provisions of 28 U.S.C. §§ 1332, 1441 and 1446, HCSC has complied with necessary requirements and is entitled to remove this action.

**WHEREFORE,** Defendant HCSC hereby removes all claims in the Action from the District Court for Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma.

Dated this 18th day of September, 2014.

Respectfully submitted,

*s/Timothy A. Carney*
Timothy A. Carney, OBA No. 11784
Barbara M. Moschovidis, OBA No. 31161
GABLEGOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103
(918) 595-4800
(918) 595-4990 (Fax)
*Attorneys for Defendant Blue Cross Blue Shield of Oklahoma, a Division of Health Care Service Corporation*

{1286882;}

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2014, I mailed a copy of the Notice of Removal, postage prepaid to the following counsel of record:

Donald E. Smolen, II
Laura M. Lauth
Jack Beasley
Smolen, Smolen & Roytman
701 S. Cincinnati Ave.
Tulsa, OK 74119

I further certify that a copy of the Notice of Removal was also delivered for filing on the same date to the Clerk of the District Court of Tulsa County, State of Oklahoma.

*s/Timothy A. Carney*
Timothy A. Carney

{1286882;}

Case 4:14-cv-00553-JED-FHM   Document 2 Filed in USDC ND/OK on 09/18/14   Page 6 of 16
OCIS Case Summary for CJ-2014-2823- PATEL, VICKESH v. BLUE CROSS BLUE S...   Page 1 of 3

# OSCN — THE OKLAHOMA STATE COURTS NETWORK
www.oscn.net

Home   Courts   Court Dockets   Legal Research   Calendar   Help

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| VICKESH PATEL,<br>    Plaintiff,<br>v.<br>BLUE CROSS BLUE SHIELD OF OKLAHOMA,<br>    Defendant. | No. CJ-2014-2823<br>(Civil relief more than $10,000:<br>BREACH OF AGREEMENT - CONTRACT)<br><br>Filed: 07/24/2014<br><br>Judge: Kuehn, Dana |

## Parties

BLUE CROSS BLUE SHIELD OF OKLAHOMA , Defendant
PATEL, VICKESH , Plaintiff

## Attorneys

| Attorney | Represented Parties |
|---|---|
| SMOLEN, DONALD E II(Bar # 19944)<br>SMOLEN,SMOLEN & ROYTMAN PLLC<br>701 S CINCINNATI AVE<br>TULSA, OK 74119 | PATEL, VICKESH |

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**

Issue: BREACH OF AGREEMENT - CONTRACT (CONTRACT)
Filed by: PATEL, VICKESH
Filed Date: 07/24/2014

**Party Name:**

**Disposition Information:**

**Defendant:** BLUE CROSS BLUE SHIELD OF OKLAHOMA

Pending.

*Exhibit 1*

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 07-24-2014 | TEXT | 1 | | 90782226 | Jul 24 2014 11:45:57:000AM | - | $ 0.00 |
| | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | | | | |
| 07-24-2014 | CONTRACT | - | | 90782228 | Jul 24 2014 11:45:57:080AM | Realized | $ 0.00 |

BREACH OF AGREEMENT - CONTRACT

| Date | Code | | Number | Timestamp | Status | Amount |
|---|---|---|---|---|---|---|
| 07-24-2014 | DMFE | - | 90782229 | Jul 24 2014 11:45:57:250AM | Realized | $ 2.00 |
| | DISPUTE MEDIATION FEE($ 2.00) | | | | | |
| 07-24-2014 | PFE1 | - | 90782230 | Jul 24 2014 1:06:57:920PM | Realized | $ 163.00 |
| | PETITION($ 163.00) Document Available (#1026485332) | | | | | |
| 07-24-2014 | PFE7 | - | 90782231 | Jul 24 2014 11:45:57:250AM | Realized | $ 6.00 |
| | LAW LIBRARY FEE($ 6.00) | | | | | |
| 07-24-2014 | OCISR | - | 90782232 | Jul 24 2014 11:45:57:250AM | Realized | $ 25.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | | | | | |
| 07-24-2014 | CCADMIN02 | - | 90782233 | Jul 24 2014 11:45:57:250AM | Realized | $ 0.20 |
| | COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20) | | | | | |
| 07-24-2014 | OCJC | - | 90782234 | Jul 24 2014 11:45:57:250AM | Realized | $ 2.00 |
| | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00) | | | | | |
| 07-24-2014 | OCASA | - | 90782235 | Jul 24 2014 11:45:57:250AM | Realized | $ 5.00 |
| | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00) | | | | | |
| 07-24-2014 | CCADMIN04 | - | 90782236 | Jul 24 2014 11:45:57:250AM | Realized | $ 0.50 |
| | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50) | | | | | |
| 07-24-2014 | LTF | - | 90782237 | Jul 24 2014 11:45:57:450AM | Realized | $ 10.00 |
| | LENGTHY TRIAL FUND($ 10.00) | | | | | |
| 07-24-2014 | SMF | - | 90782238 | Jul 24 2014 11:45:57:500AM | Realized | $ 5.00 |
| | SUMMONS FEE (CLERKS FEE)($ 5.00) | | | | | |
| 07-24-2014 | SMIMA | - | 90782239 | Jul 24 2014 11:45:57:530AM | Realized | $ 0.00 |
| | SUMMONS ISSUED - MAILED BY ATTORNEY | | | | | |
| 07-24-2014 | TEXT | - | 90782227 | Jul 24 2014 11:45:57:030AM | - | $ 0.00 |
| | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE KUEHN, DANA TO THIS CASE. | | | | | |
| 07-24-2014 | ACCOUNT | - | 90782269 | Jul 24 2014 11:46:44:540AM | - | $ 0.00 |

RECEIPT # 2014-2897410 ON 07/24/2014.
PAYOR:SMOLEN & SMOLEN TOTAL AMOUNT PAID: $218.70.
LINE ITEMS:
CJ-2014-2823: $168.00 ON AC01 CLERK FEES.
CJ-2014-2823: $6.00 ON AC23 LAW LIBRARY FEE.

CJ-2014-2823: $0.70 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2014-2823: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2014-2823: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2014-2823: $2.00 ON AC64 DISPUTE MEDIATION FEES.
CJ-2014-2823: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2014-2823: $10.00 ON AC81 LENGTHY TRIAL FUND.

| Date | Code | Party | Serial # | Date Served | | Amount |
|---|---|---|---|---|---|---|
| 09-03-2014 | S | - | BLUE CROSS BLUE SHIELD OF OKLAHOMA | 91192606 | Sep 4 2014 8:40:58:683AM | - | $ 0.00 |

PARTY HAS BEEN SUCCESSFULLY SERVED. BCBS OF OK C/O OKLAHOMA INS. COMMISSIONER SERVED / CERT MAIL / STAMPED BY SABRINA SYKER / DEL ON 8-29-14

*Document Available (#1026993314)*

Report Generated by The Oklahoma Court Information System at September 15, 2014 13:38 PM

End of Transmission.



IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

FILED
DISTRICT COURT
JUL 24 2014
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| VICKESH PATEL, | ) |
| Plaintiff, | ) Case No.: |
| v. | ) |
| | ) ATTORNEY LIEN CLAIMED |
| BLUE CROSS BLUE SHIELD OF OKLAHOMA, A DIVISION OF HEALTH CARE SERVICE CORPORATION, A MUTUAL LEGAL RESERVE COMPANY, AN INDEPENDENT LICENSEE OF THE BLUE CROSS AND BLUE SHIELD ASSOCIATION, | ) |
| Defendant. | ) |

CJ-2014 02823

DANA LYNN KUEHN

## PETITION

COMES NOW the Plaintiff, Vickesh Patel, by and through his attorney of record, Donald E. Smolen, II of Smolen, Smolen & Roytman, PLLC, and for his cause of action against Defendant Blue Cross Blue Shield of Oklahoma, sets forth and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen of Oklahoma and resides in this judicial district.

2. Defendant Blue Cross Blue Shield of Oklahoma, a Division of Health Care Service Corporation, A Mutual Legal Reserve Company, an Independent Licensee of the Blue Cross and Blue Shield Association, is a foreign corporation conducting regular business in Tulsa County, Oklahoma.

3. The acts, occurrences and omissions complained of herein occurred in Tulsa County, Oklahoma.

4. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

Exhibit 2

## FACTS COMMON TO ALL CLAIMS

5. Paragraphs 1-4 are incorporated herein by reference.

6. At all times relevant to the acts and omissions alleged herein, Plaintiff Vickesh Patel was insured under an insurance contract with Defendant Blue Cross Blue Shield of Oklahoma, providing for health insurance benefits and coverage. Specifically, Plaintiff was insured under a policy with Defendant with the Group Number Y00005, Member ID YUP897066680.

7. While insured under said contract, Plaintiff injured his right knee and underwent treatment, including surgery. As a result, Plaintiff, and the health care providers who treated him for the same, submitted claims for this treatment under the aforementioned contract/policy.

8. Defendant paid these claims.

9. However, on July 24, 2013, Defendant reversed its decision and denied each of Plaintiff's aforementioned claims. Defendant sought, and received, refunds from Plaintiff's medical providers for the benefits paid under the contract/coverage, leaving Plaintiff liable for medical costs that are clearly covered under the contract/coverage.

10. Defendant reversed these claims/payments, asserting that these services were due to "pre-existing."

11. Plaintiff exhausted his appellate remedies with Defendant.

12. Plaintiff relied on Defendant to properly handle his claim(s) and make payment on the applicable claim(s) pursuant to the aforementioned insurance policy in a timely fashion. Plaintiff has met all of the conditions precedent for payment of claims under said insurance policy.

13. Defendant unreasonably delayed, failed and refused to pay the benefits under the insurance policy.

14. As a result of Defendant's actions, Plaintiff has sustained significant damages.

## FACTS COMMON TO ALL CLAIMS

5. Paragraphs 1-4 are incorporated herein by reference.

6. At all times relevant to the acts and omissions alleged herein, Plaintiff Vickesh Patel was insured under an insurance contract with Defendant Blue Cross Blue Shield of Oklahoma, providing for health insurance benefits and coverage. Specifically, Plaintiff was insured under a policy with Defendant with the Group Number Y00005, Member ID YUP897066680.

7. While insured under said contract, Plaintiff injured his right knee and underwent treatment, including surgery. As a result, Plaintiff, and the health care providers who treated him for the same, submitted claims for this treatment under the aforementioned contract/policy.

8. Defendant paid these claims.

9. However, on July 24, 2013, Defendant reversed its decision and denied each of Plaintiff's aforementioned claims. Defendant sought, and received, refunds from Plaintiff's medical providers for the benefits paid under the contract/coverage, leaving Plaintiff liable for medical costs that are clearly covered under the contract/coverage.

10. Defendant reversed these claims/payments, asserting that these services were due to "pre-existing."

11. Plaintiff exhausted his appellate remedies with Defendant.

12. Plaintiff relied on Defendant to properly handle his claim(s) and make payment on the applicable claim(s) pursuant to the aforementioned insurance policy in a timely fashion. Plaintiff has met all of the conditions precedent for payment of claims under said insurance policy.

13. Defendant unreasonably delayed, failed and refused to pay the benefits under the insurance policy.

14. As a result of Defendant's actions, Plaintiff has sustained significant damages.

## CAUSES OF ACTION

15. Paragraphs 1-14 are incorporated herein by reference.

16. Plaintiff entered into a contract with Defendant for an insurance policy providing for health insurance coverage and benefits.

17. Plaintiff paid consideration to Defendant under said contract.

18. In its handling of Plaintiff's claim for benefits under the insurance policy, and as a matter of routine practice in handling similar claims, Defendant breached its contractual obligations as well as its duty to deal fairly and in good faith toward Plaintiff in at least the following respects:

   a. Failing to authorize and pay the insurance benefits when Plaintiff was entitled to under the policy at the time when Defendant knew the Plaintiff was entitled to those benefits;

   b. Refusing to honor Plaintiff's claim(s) without legitimate, arguable reason and wholly lacking any sufficient evidence or support for its refusal;

   c. Refusing to pay Plaintiff's claim(s) for reasons contrary to the express provisions of the law;

   d. Intentionally and recklessly misapplying the provisions of the insurance policy;

   e. Using its unequal wealth and bargaining power to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not authorizing the aforementioned claims and for reversing its decision and failing to provide benefits under the insurance contract;

   f. Failing to property investigate Plaintiff's claim(s) for benefits;

   g. Failing to comply with industry standards;

3

    h.    Failing to properly evaluate the investigation that was done on Plaintiff's claim(s) for benefits; and

    i.    Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff.

19.    As a result of Defendant's breach of contract and breach of the covenant of good faith and fair dealing, Plaintiff has suffered damages, including the loss of the insurance policy benefits, mental and emotional distress, embarrassment, anxiety, medical expenses and financial hardship, all of which are in excess of seventy five thousand dollars ($75,000.00).

20.    Plaintiff has retained an attorney to prosecute this action and is thus entitled to a reasonable attorney fee as well as the costs expended in pursuit of this litigation.

21.    Defendant acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiff. As a result, Plaintiff is entitled to recover punitive damages against Defendant for these actions.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court enter judgment against Defendant and grant him the relief sought including, but not limited to, actual and punitive damages in excess of Seventy Five Thousand Dollars ($75,000.00), costs, pre-judgment interest, post-judgment interest, a reasonable attorney fee and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

_(signature)_

Donald E. Smolen, II, OBA #19944
Laura M. Lauth, OBA #22619
Jack Beesley, OBA #30484
701 S. Cincinnati Ave.
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorneys for Plaintiff*



## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| VICKESH PATEL, | ) |
| | ) |
| Plaintiff, | ) CJ-2014 02823 |
| | ) |
| v. | ) |
| | ) ATTORNEY LIEN CLAIMED |
| BLUE CROSS BLUE SHIELD OF | ) |
| OKLAHOMA, A DIVISION OF HEALTH | ) DISTRICT COURT |
| CARE SERVICE CORPORATION, A | ) **FILED** |
| MUTUAL LEGAL RESERVE COMPANY, | ) |
| AN INDEPENDENT LICENSEE OF THE | ) SEP 3 - 2014 |
| BLUE CROSS AND BLUE SHIELD | ) |
| ASSOCIATION, | ) SALLY HOWE SMITH, COURT CLERK |
| | ) STATE OF OKLA. TULSA COUNTY |
| | ) |
| Defendant. | ) |

### SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Blue Cross Blue Shield of Oklahoma, A Division of Health Care Service Corporation, A Mutual Legal Reserve Company, An Independent Licensee of the Blue Cross and Blue Shield Association

To the above-named Defendant(s)

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this 24 day of July, 2014

County Court Clerk

By /s/ Jessica Bradshaw
Deputy Court Clerk

(Seal)
This summons and order was served on _____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

**Return ORIGINAL for filing.**

Exhibit 3

## PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of_____, 2014, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2014, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2014. I certify that the following persons of the defendant within named not found in said County:

## FEES

Fee for service $_____, Mileage $_____,
Total $_____
Dated this _____ day of _____, 2014.
By:
Sheriff of _____ County,

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.

Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of _____, 2014.
My Commission Expires: _____
Seal                                Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the __26__ day of __August__, 2014, and receipt thereof on the dates shown:

      Defendant           Address Where Served           Date

Receipted

_____

_____
Signature of person mailing summons

---

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature: OKLAHOMA INSURANCE DEPARTMENT
X ____ 08 29 2014 ____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to: BCBS of OK c/o Oklahoma Ins. Commissioner 3625 NW 56th St., Suite 100 Oklahoma City, OK 73112

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7012 2920 0002 3932 6264

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540